Filed 4/28/22  In re Rodney S. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re RODNEY S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RODNEY S.,<br><br>      Defendant and Appellant. | A163793<br><br>(Solano County<br>Super. Ct. No. J43803) |

**MEMORANDUM OPINION[1]**

Rodney S. appeals from an October 5, 2021 dispositional order declaring him a ward of the court and imposing various conditions of probation.  He contends the probation condition prohibiting him from being present in a building that he knows contains firearms or weapons is invalid and must be modified.  In a prior opinion challenging the same condition in a different wardship petition, this court held the condition was overbroad and

---

[1] We resolve this case by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

1

required modification.[2]  (*People v. R.S.* (Apr. 5, 2019, A154336) [nonpub. opn.].)  Contrary to Rodney's contention, the law of the case doctrine is not applicable here.  Although this is Rodney's fourth appeal under the same juvenile court number, the prior appeals pertained to *separate wardship petitions,* each with different underlying offenses and dispositional orders.  (See *People v. Gray* (2005) 37 Cal.4th 168, 197 [law of the case prevents parties from seeking appellate reconsideration of issue previously decided in *same* case]; *Daar & Newman v. VRL International* (2005) 129 Cal.App.4th 482, 488–489 [doctrine not applicable where prior opinion was in a related but *separate* case].)

In any event, we agree, and the Attorney General concedes, the challenged probation condition must be modified.  "[A] probation condition is unconstitutionally overbroad if it imposes limitations on the probationer's constitutional rights and it is not closely or narrowly tailored and reasonably related to the compelling state interest in reformation and rehabilitation."  (*People v. Forrest* (2015) 237 Cal.App.4th 1074, 1080.)  The current condition reads:  "The Minor shall not be present in any building or vehicle that he/she knows contains a firearm, ammunition, or other dangerous or deadly weapons.  Nor shall the Minor be in the presence of any person or persons whom the Minor knows illegally possesses a firearm, ammunition, or other dangerous or deadly weapons, or who the Minor knows are gang members and possess a firearm, ammunition, or other deadly or dangerous weapons."  The current condition's proximity limitation is not narrowly tailored and reasonably related to the state's interest in protecting the public, preventing

---

[2] On our own motion, we take judicial notice of the following opinions and related appellate records:  *People v. R.S.* (May 3, 2018, A151464) [nonpub. opn.]; *People v. R.S., supra,* A154336); *People v. Rodney S.* (Feb. 16, 2022, A160379) [nonpub. opn.]).  (Evid. Code, §§ 452, subd. (d), 459.)

Rodney's future criminality, and rehabilitating Rodney. (See *People v. Forrest,* at pp. 1084–1085.)

Using the language we ordered in *People v. R.S., supra*, A154336, here we order the condition of probation to be modified as follows: "The Minor shall not be present in any building or vehicle in which he *knowingly has ready access* to a firearm, ammunition, or other dangerous or deadly weapon, *whether it is lawfully possessed or was unlawfully acquired.* Nor shall the Minor be in the presence of any person or persons who the Minor knows illegally possesses a firearm, ammunition, or other dangerous or deadly weapons, or who the Minor knows are gang members and possess a firearm, ammunition, or other dangerous or deadly weapons."

## DISPOSITION

Probation condition 21-3 is modified to read: "The Minor shall not be present in any building or vehicle in which he knowingly has ready access to a firearm, ammunition, or other dangerous or deadly weapon, whether it is lawfully possessed or was unlawfully acquired. Nor shall the Minor be in the presence of any person or persons who the Minor knows illegally possesses a firearm, ammunition, or other dangerous or deadly weapons, or who the Minor knows are gang members and possess a firearm, ammunition, or other dangerous or deadly weapons." As so modified, the October 5, 2021 dispositional order is affirmed.

_____

Desautels, J.*

WE CONCUR:

_____

Streeter, Acting P.J.

_____

Brown, J.

*A163793  People v. Rodney S.*

---

\* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.